TURNER, P. J., Concurring and Dissenting.
I concur in all of my colleagues’ analysis except for the conclusion that Palmdale Zoning Ordinance section 95.03B.1 (section 95.03B.1) is unconstitutionally vague. Section 95.03B.1 states: “Maximum height of the antennae shall not exceed seventy-five (75) feet measured from the grade to the highest point of the antenna. Maximum height of the active element of the antenna array shall be thirty (30) feet or less except as otherwise regulated by FAA or FCC.” I agree with defendant, City of Palmdale, that the 30-foot height limit for the active element of the antenna specified in section 95.03B.1 is not constitutionally uncertain.
There are several core principles that affect a determination a statute is unconstitutionally vague. First, section 95.03B.1 is presumed to be constitutional and it must be upheld unless its unconstitutionality clearly appears. (Walker v. Superior Court (1988) 47 Cal.3d 112, 143 [253 Cal.Rptr. 1, 763 P.2d 852]; Lockheed Aircraft Corp. v. Superior Court (1946) 28 Cal.2d 481, 484 [171 P.2d 21].) Second, the challenged ordinance must be viewed in the specific context in which the issue arises and the challenged language is used. (People ex rel. Gallo v. Acuna (1997) 14 Cal.4th 1090, 1116-1117 [60 Cal.Rptr.2d 277, 929 P.2d 596]; Tobe v. City of Santa Ana (1995) 9 Cal.4th 1069, 1107 [40 Cal.Rptr.2d 402, 892 P.2d 1145].) Third, a statute must *313 provide reasonable specificity or certainty. (People ex rel. Gallo v. Acuna, supra, 14 Cal.4th at p. 1117; Amaral v. Cintas Corp. No. 2 (2008) 163 Cal.App.4th 1157, 1180 [78 Cal.Rptr.3d 572].) Fourth, if any reasonable or practical construction can be given a statute, it cannot be invalidated on void for vagueness grounds. (American Civil Liberties Union v. Board of Education (1963) 59 Cal.2d 203, 218 [28 CaLRptr. 700, 379 P.2d 4]; accord, People ex rel. Gallo v. Acuna, supra, 14 Cal.4th at p. 1117.) In this regard, if a court can conceive of a single situation in which a statute can be applied, it may not be invalidated on its face. (Superior Court v. County of Mendocino (1996) 13 Cal.4th 45, 60-61 [51 Cal.Rptr.2d 837, 913 P.2d 1046]; Personal Watercraft Coalition v. Marin County Bd. of Supervisors (2002) 100 Cal.App.4th 129, 138 [122 Cal.Rptr.2d 425].)
There are two sentences in section 95.03B.1. The first sentence sets a limit on the height of the antenna above the ground: “Maximum height of the antennae shall not exceed seventy-five (75) feet measured from the grade to the highest point of the antenna.” The second sentence, which relates only to the height of the active element, makes no reference to height above the grade: “Maximum height of the active element of the antenna array shall be thirty (30) feet or less except as otherwise regulated by FAA or FCC.” Thus, the context of the language used is that the above-grade requirement appears only in the first sentence but not in the second relating to the maximum height of the active element. The second sentence relates only to the active element, which does not occupy the entire antenna. The second sentence makes no reference to an above-grade requirement.
Further, a reasonable construction of the two sentences is that the first sentence sets a maximum height of the entire antenna above the grade. By contrast, the second sentence relates solely to maximum height of the active element. It is conceivable to construe section 95.03B.1 to read that the 75-foot limit relates to the height of the entire antenna. And the second sentence can be construed to apply only to the height of the active element on the maximum 75-foot high antenna. In my respectful view, plaintiff, Alec Zubarau, has failed to sustain his burden of proving no reasonable or practical construction can be given to section 95.03B.1.
A final word is in order concerning defendant’s response to our request for further briefing on the alleged ambiguity in section 95.03B.1. We asked the parties to brief the following issue: “Can City of Palmdale Zoning Ordinance section 95.03 B.l reasonably be interpreted to mean that a vertical antenna shall not exceed 75 feet in height from the grade—meaning the ground—and that if there is an array on such a 75 foot antenna, the active element of the array shall not exceed 30 feet in height measured from its bottom to its top? *314 For example, can the section be interpreted to allow an antenna that is 75 feet in height with the highest 30 feet of the antenna consisting of the active element of an array?” Defendant’s response to our inquiry was: “Yes, the Court’s query presents a reasonable interpretation of Section 95.03B.1 of the City of Palmdale’s (the City’s) Zoning Ordinance which provides that, for installation of residential single-pole or tower, roof or ground mounted, television or amateur radio antennas in a residential or agricultural zone, the maximum height of the antenna shall not exceed seventy-five (75) feet from the grade to the highest point of the antenna and the maximum height of the active element of the antenna array shall be thirty (30) feet or less except as otherwise regulated by the FAA or FCC.” So there is no question, defendant explicitly agreed that the discussion appearing in the first four paragraphs of this opinion is a correct analysis.
Defendant then proceeds in its written response to our letter with an odd analysis which is set out in its entirety in the margin.[1] With respect to defendant, the additional discussion is irrelevant to the legal issue before the court; viz. whether any reasonable or practical construction can be given to section 95.03B.1. The following references in the matter cited in the margin are unrelated to this controlling legal issue. It is immaterial that plants are allegedly measured in terms of their height by how far they grow out of the ground. Further, the cited language in Federal Communications Commission documents has nothing to do with measuring an active element attached to an antenna which does have a height limitation from the ground. More critically, the Federal Communications Commission documents have no preemptive *315 effect in terms of a municipal regulation of the height of an active element. (Wyeth v. Levine (2009) 555 U.S. 555, __-___ [173 L.Ed.2d 51, 129 S.Ct. 1187, 1193-1195]; Farm Raised Salmon Cases (2008) 42 Cal.4th 1077, 1095-1099 [72 Cal.Rptr.3d 112, 175 P.3d 1170].)
A petition for a rehearing was denied March 1, 2011, and the petition of appellant Alec Zubarau for review by the Supreme Court was denied April 20, 2011, S191157.
*316 [[Image here]]
*317 [[Image here]]
*318 [[Image here]]

 Defendant’s additional discussion is as follows: “However, the use of the term ‘height’ in Sections 95.03 and 95.04 of the City’s Zoning Ordinance consistently refers to distances measured from the ground to the highest point of the particular type of antenna. (See AR Vol. 5, pp. 1227-1228.) Generally, when the term ‘height’ is used to refer to the distance from the bottom to the top of something, the measurement begins as a fixed point such as the ground. (See the Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/ height?/show=0&t=1294677547 [Example provided: ‘These bushes grow to heights of up to five feet.’].) [ft] Furthermore, the City’s Zoning Ordinance specifies that ‘the maximum height of the active element of the antenna array shall be thirty (30) feet or less except as otherwise regulated by FAA or FCC.’ (AR Vol. 5, p. 1227.) Federal Communication Commission (‘FCC’) regulations pertaining to ‘height’ generally refer to the size of antennas measured from the ground or other surface (such as a roof) to the tip of the antenna, not the relative size of a particular element. (See PRB-1, AR Vol. 1, pp. 0142-0143, 0145-0146, and 0148-0149; see also the FCC’s Informational Sheet on Over-the-Air Reception Devices Rule, First Question and Answer, http://fcc.gov/mb/facts/otard.html, and a FCC memorandum on Antenna Tower Lighting and Marking Requirements, http://www.fcc.gov/mb/policy/dtv/lighting.html, copies of which are attached hereto as Exhibits 1 and 2 [see Request for Judicial Notice in footnote 1].) FCC regulations pertaining to the size of an antenna, as opposed to its vertical height from the ground or other surface, typically refer to the diameter of the object or a diagonal measurement. (Id.) Thus, the Court’s suggested interpretation would not be consistent with the other references to height in the City’s Zoning Ordinance or the FCC’s use of that term.” (Fn. omitted.)